•           •           • 
 • • •





MEMORANDUM OPINION

No. 04-10-00391-CR

Calvin RICHARDSON,
Appellant

v.

The STATE of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CR-7674B
Honorable Maria Teresa Herr, Judge Presiding

PER CURIAM
 
Sitting:            Catherine Stone, Chief Justice
Karen Angelini, Justice
                        Marialyn Barnard, Justice
 
Delivered and Filed: July 21, 2010 

DISMISSED
            Appellant Calvin Richardson pleaded nolo contendere to possession of a controlled
substance, one to four grams, pursuant to a plea bargain agreement. As part of his plea bargain,
appellant signed a separate “Waiver of Appeal.” The trial court imposed sentence and signed a
certificate stating that this “is a plea-bargain case, and the defendant has NO right of appeal.” See
Tex. R. App. P. 25.2(a)(2). Appellant timely filed a notice of appeal. The clerk’s record, which
includes the plea bargain agreement and the trial court’s Rule 25.2(a)(2) certification, has been filed.
See Tex. R. App. P. 25.2(d). This court must dismiss an appeal “if a certification that shows the
defendant has the right of appeal has not been made part of the record.” Id.
            The court gave appellant notice that the appeal would be dismissed unless an amended trial
court certification showing he has the right to appeal were made part of the appellate record within
thirty days. See Tex. R. App. P. 25.2(d); 37.1; Daniels v. State, 110 S.W.3d 174 (Tex. App.—San
Antonio 2003, order), disp. on merits, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet.
ref’d) (not designated for publication). Appellant’s appointed appellate counsel filed a written
response, stating she has reviewed the record and can find no right of appeal. After reviewing the
record and counsel’s notice, we agree that appellant does not have a right to appeal. See Dears v.
State, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk’s
record to determine whether trial court’s certification is accurate). We therefore dismiss this appeal.
Tex. R. App. P. 25.2(d). 
 
                                                                                    PER CURIAM
Do Not Publish